ST. LOUIS, LAWRENCE & WESTERN RAILROAD CO. v. WILLIAM MILLER.

BILL OF PARTICULARS; *Pleading; Sufficiency; Claim for Attorney-Fees, in Addition to Damages.* M. commenced an action in a justice's court against a railroad company, under the "act relating to killing or wounding stock by railroads," and set forth in his bill of particulars a good cause of action for $35 damages for killing his cow, and then alleged "that $10 is a reasonable attorney-fee for the prosecution of this suit," and "prayed for judgment against the said defendant for the said sum of $35, his damages sustained as aforesaid, and $10 attorney-fee for the prosecution of this suit, and costs." In the district court, to which the case was afterward taken on appeal, the jury found from the evidence for the plaintiff, and assessed his damages at "thirty-five dollars, and ten dollars attorney-fee," and judgment was rendered accordingly, and it appears from the record that the plaintiff was assisted by an attorney. *Held,* That the judgment for the attorney-fee will not be reversed where no reason for such reversal can be given except that the said bill of particulars does not state facts sufficient to authorize such a judgment.

*Error from Johnson District Court.*

MILLER had judgment at the November Term 1875, of the district court, and the *Railroad Company* brings the case here on error. All the facts appear in the opinion.

*J. P. Usher,* and *C. E. Bretherton,* for plaintiff in error.
*John P. St. John,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by William Miller, under "an act relating to killing or wounding stock by railroads," (laws of 1874, page 143,) against the St. Louis, Lawrence & Western Railroad Company, for killing his cow. Judgment was rendered in the court below in favor of Miller and against the railroad company for $35 damages for killing the cow, and for $10 attorney-fees. The railroad company brings the case to this court, and assigns for error that, "said court erred in rendering said judgment for the

following reasons, to-wit, that the bill of particulars on which said judgment was founded does not contain facts sufficient to constitute a cause of action against the defendant below." This is the only assignment of error in the case. The plaintiff in error now seems however to admit by its brief filed in this court that said bill of particulars does "contain facts sufficient to constitute a cause of action against the defendant below." The counsel for plaintiff in error now say in their brief, "we do not make any point on the judgment for value of the cow, but only that for attorney-fees." It will therefore be seen that the entire object of the litigation in this court is to avoid the payment of an attorney-fee of ten dollars, supposed to have been erroneously allowed, not because attorney-fees may not be recovered in this class of cases, and not because the evidence was not amply sufficient to authorize such a recovery in this particular case, but merely because it is supposed that the allegations of the plaintiff's bill of particulars are not technically sufficient to authorize such a recovery. The action was originally commenced before a justice of the peace. The plaintiff below filed a bill of particulars, setting forth a good cause of action for $35 damages for killing his cow, and then alleges, "that $10 is a reasonable attorney-fee for the prosecution of this suit," and then "prays for judgment against said defendant for the said sum of $35, his damages sustained as aforesaid, and $10 attorney-fee for the prosecution of this suit and costs." This bill of particulars was evidently drawn by a lawyer, but the plaintiff in error has not seen fit, in bringing it here, to make it or any other part of the record show whether it was signed by the plaintiff below himself, or by his attorney, or whether it was signed at all, or not. Neither does the plaintiff in error bring any portion of the proceedings of the justice to this court, except said bill of particulars, and the appeal bond filed when it (the plaintiff in error) appealed from the judgment of the justice in this case to the district court. And hence we cannot tell whether the plaintiff below was assisted by counsel in the justice's court or not. Neither has the

plaintiff in error brought any of the proceedings of the district court to this court, except the journal entry of the proceedings on the trial, and the judgment. This journal entry shows that the case was regularly called, that the plaintiff below appeared by John P. St. John, his attorney, that the defendant did not appear, that a jury was impanneled to try the cause, that the cause was tried, and that the jury upon the evidence found the following verdict, to-wit:

:. "We the jury find for the plaintiff, and assess his damages at thirty-five dollars, and ten dollars attorney-fee."

Whether the plaintiff below was assisted by counsel at any time except during the trial, we cannot tell. Whether the plaintiff's bill of particulars was amended at any time, either in the justice's court or in the district court, we cannot tell; and what the evidence was respecting attorney-fees, or indeed respecting anything else in the case, we cannot tell. We have only detached portions of the record of the case before us from which to ascertain any of these things. We have "the bill of particulars of the plaintiff," "the appeal bond of the defendant," and "the journal entry of the trial and judgment." These are all that the plaintiff in error has chosen to submit to us; these are all that the clerk of the district court has certified to, and the certificate mentions them in the above words. What other proceedings were had in the case, we cannot tell. It does not appear that any bill of exceptions was drawn. Indeed, it does not even appear that any exception was taken. And it does not appear that any case was made under the statute for the supreme court. This is not such a case-made, nor does the plaintiff in error even claim that it is. It is merely a petition in error founded upon three detached and isolated fragments of the record. But even these detached, isolated, and selected fragments of the record, do not show that the court below erred. We would even infer from them that the court below did not err. The judgment of the court below must therefore be affirmed.

It is understood by counsel for the parties, that precisely the same legal questions are involved in the cases of this

same plaintiff in error against Anson Sauers, and Robert Wilson, as are involved in this case. Therefore the judgments in those cases will also be affirmed.

All the Justices concurring.